UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROY MONROE, #310213,

      Petitioner,

v.                                        ACTION NO. 2:05cv479

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

      Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on August 8, 2001, in the Circuit Court of the City of Norfolk, Virginia, for first-degree murder and use of a firearm in the commission of a murder, as a result of which he was sentenced to life imprisonment, plus three (3) years.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the Magistrate Judge was filed on June 20, 2006, denying Petitioner's motion for an evidentiary hearing and recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 30, 2006,

the Court received Petitioner's Objections to the Magistrate's Finding.[1] The Court received no response from Respondent.

---

[1] Petitioner appears to allege that the Supreme Court of Virginia dismissed his state habeas petition on the merits, which means his state habeas petition survived procedural default and therefore his federal habeas petition was not procedurally barred from review on the merits. Petitioner contends that the Supreme Court of Virginia dismissed his petition on two (2) grounds: (1) because "no writ shall be granted on the basis of allegations of the facts which the Petitioner had knowledge at the time of filing any previous petition," citing Va. Code Ann. § 8.01-654(B)(2), and (2) because the "[p]etition was not timely filed," citing Va. Code Ann. § 8.01-654(A)(2), Monroe v. Director, No. 041135, slip op. at 1 (Va. Oct. 20, 2004). Petitioner's Objections to the Magistrate's [sic] Findings, at 1. Petitioner further contends that, "the Supreme Court of Virginia, while dismissing the Petition, did take cognizance of a non-procedurally barred basis upon which to dismiss." Id.

Because Petitioner did not specify which of the aforementioned grounds he considers as being "non-procedurally barred," the Court will address both. As a preliminary matter, the Court notes that the Magistrate Judge's Report and Recommendation listed both of these grounds in its summary of the procedural background. Monroe v. Johnson, No. 2:05cv479, slip op. at 4 (E.D. Va. June 20, 2006). The Magistrate Judge also explicitly pointed out the lack of compliance with the state statute of limitations (the second ground), as the basis for dismissing the petition on procedural grounds, while also referencing the Virginia code provision for the first ground. Id. at 7.

The United States Supreme Court has addressed both of these grounds for dismissing state habeas petitions and has found both to constitute a failure to comply with procedural requirements, barring subsequent consideration of the underlying claims in a federal habeas petition. Specifically, the United States Supreme Court has held that "[f]ailure to present . . . federal habeas claims to the [state] [s]upreme [c]ourt in a timely fashion . . . result[s] in a procedural default of those claims." O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). Further, the United States Supreme Court held that Va. Code Ann. § 8.01-654(B)(2) is an independent-and-adequate state-law ground for rejecting a federal habeas petitioner's claims as procedurally barred. Gray v. Netherland, 518 U.S. 152, 162 (1996); Murray v. Giarratano, 492 U.S. 1, 26-27 & n.15 (1989). Consequently, Petitioner's claim that his state habeas petition survived procedural default is without merit.

2

The Court, having reviewed the record and examined the objections filed by Petitioner to the Magistrate Judge's report, and having made de novo findings with respect to the portions objected to, does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on June 20, 2006, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as the claims are procedurally defaulted before this Court and are barred by the statute of limitations. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this final order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of

---

The Court finds that Petitioner has not challenged the Magistrate Judge's finding that there are no grounds to support an exception to procedural default. Further, Petitioner has not challenged the Magistrate Judge's alternative ground for dismissal, based on Petitioner's failure to meet the federal statute of limitations. Accordingly, the Court FINDS that Petitioner is not entitled to consideration of his federal habeas petition on the merits.

appealability.  See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/ Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July 17, 2006